

January 22, 2024

Hon. Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Luis Rivas,* 18-CR-398 (RPK)

Dear Judge Kovner:

In its sentence memorandum, the government urges the Court not to decide whether Mr. Rivas's April 17, 2017 robbery and his October 2018 assault in aid of racketeering constitute relevant conduct because resolution of such a "dispute" is not necessary if it will not affect the ultimate sentence. In so doing, the government cites to Fed. R. Crim. Proc. 32(i)(3)(B) and two cases where the Second Circuit concluded that adjudication of a guidelines dispute was not necessary where the record made clear that it would not affect the sentence. The government correctly stated the law concerning guideline disputes.

Here, however, there is no dispute. As the Court undoubtedly noticed, the government failed to state in its request that the two convictions were *not* relevant conduct, and, indeed, such a position could not be taken in good faith. Of course the two convictions constitute relevant conduct – both were part of Mr. Rivas's membership and participation in the activities of the racketeering enterprise of which he was convicted.

Where there is no dispute to resolve, the Court should make sure that the Presentence Report is accurate and correct. The report travels with Mr. Rivas through his time in the BOP, and his final guideline and criminal history should be correctly calculated, if not for a determination of his sentence, then for future prison administrators or future judges who might need to consult the report. Without the four criminal history points contained in ¶¶ 101 and 102, Mr. Rivas's criminal history category would change from III to I, and his final guideline range at level 40 would change from 360 months to life to 292-365 months (or at level 41 from 360-life to 324-405 months). This is not an insignificant change in the PSR – even if the agreed-upon sentence of 420 months is imposed – and Mr. Rivas has a right to be sentenced with an accurate and correct Presentence Report. Accordingly, we renew our request for the Court to make the requisite finding and amend the PSR.

52 Duane Street, 7th Floor • New York, New York 10007 • (T) 212-616-3042 • (F) 800-507-8507 • www.fmamlaw.com

Thank you for your consideration.

                                            Respectfully submitted,

                                                    /s/

                                            Florian Miedel
                                            Jeremy Schneider
                                            *Attorneys for Luis Rivas*

Cc:     All Counsel